UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABDULWAHED ALSHAREY,

Plaintiff,

Case No. 2:26-cv-10262

v.

HON. MARK A. GOLDSMITH

CANAMEX-CARBRA TRANSPORTATION,
IMRAN AMJAD MALIK, NAVDEEP SINGH,
KABIR TRUCKING INC., and
NORTHLAND INSURANCE COMPANY,

Defendants.
_______________________________________/

**OPINION & ORDER (i) GRANTING PLAINTIFF'S MOTION TO REMAND (Dkt. 8) AND (ii) DENYING WITHOUT PREJUDICE DEFENDANT CANAMEX-CARBRA TRANSPORTATION AND IMRAN AMJAD MALIK'S MOTION TO VACATE DEFAULT JUDGMENT (Dkt. 4)**

Plaintiff Abdulwahed Alsharey moves to remand this action to the Circuit Court for Wayne County, Michigan, arguing that Defendants failed to comply with the rule of unanimity under 28 U.S.C. § 1446(b)(2)(A) and that removal was untimely under 28 U.S.C. § 1446(b)(1). Mot. (Dkt. 8). Having considered all briefing and materials submitted by the parties, the Court grants Alsharey's motion. In addition, the motion to set aside default judgment filed by Defendants Canamex-Carbra Transportation (Canamex) and Imran Amjad Malik (Dkt. 4) is denied without prejudice.

**BACKGROUND**

Alsharey filed this action in Wayne County Circuit Court on September 23, 2025, asserting negligence, owner's-liability, and breach-of-contract claims arising from an October 27, 2023, multi-

vehicle collision. Compl. (Dkt. 1) at PageID.5–18. The complaint names five defendants: Canamex, Imran Amjad Malik, Navdeep Singh, Kabir Trucking Inc., and Northland Insurance Company. Id.

On January 25, 2026, Canamex and Malik filed a Notice of Removal invoking diversity jurisdiction under 28 U.S.C. §§ 1332(a) and 1441(b). Not. of Removal (Dkt. 1). Northland Insurance Company later filed a written concurrence in the removal on February 5, 2026, but Singh and Kabir Trucking have never joined in or filed any written consent to removal. Northland Concurrence (Dkt. 12-1) at PageID.168–69. Alsharey moved to remand on February 11, 2026, arguing that removal was defective because Singh and Kabir Trucking never consented, and because Canamex's removal was filed more than thirty days after it was served. Mot. (Dkt. 8). Canamex and Malik oppose remand, arguing that Canamex was never properly served (such that the removal clock did not begin until January 2026) and that the absence of a Michigan-citizen "forum defendant" excuses any unanimity defect. Resp. (Dkt. 12).

## ANALYSIS

Removal statutes are strictly construed, and doubts about the propriety of removal are resolved in favor of remand. Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 534 (6th Cir. 1999). Where there is a failure to obtain unanimous consent, the procedural defect forecloses the opportunity for removal. 28 U.S.C. § 1447(c); Loftis v. United Parcel Serv., Inc., 342 F.3d 509, 516 (6th Cir. 2003). Because the Court concludes that Defendants failed to satisfy the rule of unanimity, it need not, and does not, resolve the parties' dispute over when Canamex was properly served or whether its own removal was timely.

### Unanimity

Section 1446(b)(2)(A) requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). This

rule of unanimity is mandatory and strictly enforced. Brierly, 184 F.3d at 534; Loftis, 342 F.3d at 516. This circuit has identified at least three ways to satisfy unanimity: all properly joined and served defendants may (1) join the notice of removal, (2) file a separate written consent to removal, or (3) oppose a motion to remand. City of Cleveland v. Ameriquest Mortgage Sec., Inc., 615 F.3d 496, 501 (6th Cir. 2010); Brierly, 184 F.3d at 533; Harper v. AutoAlliance Int'l, Inc., 392 F.3d 195, 201 (6th Cir. 2004).

Defendants do not dispute that Singh and Kabir Trucking were, indeed, properly served before removal. In fact, the Answer to the Complaint filed by Singh and Kabir Trucking in November 2025, confirms as much. See Mot., Ex. C (Dkt. 8-4) at PageID.130–41. That said, neither Singh nor Kabir Trucking joined the January 25, 2026, Notice of Removal or filed any written consent to removal on this Court's docket at any point since. The only writing in the record bearing on their position is the February 13, 2026, notice reflecting that their counsel emailed "Yes, we concur" in response to being asked whether he would concur in Alsharey's motion to remand. Not. of Concurrence, Ex. A (Dkt. 10) at PageID.154. In context, the only sensible reading of the email exchange is a concurrence in the motion to remand – not concurrence to removal. That informal exchange does not establish consent to removal, nor does it oppose a motion to remand. The email exchange simply is not the type of written consent that the rule of unanimity demands. Harper, 392 F.3d at 201. On this record, Singh and Kabir Trucking never consented to removal, and the thirty-day window in which to do so has long since closed.

Defendants advance two arguments against this conclusion, neither of which is persuasive. First, they contend that because no defendant is a citizen of Michigan, none is a "forum defendant," and that the absence of a forum defendant excuses compliance with the

unanimity requirement. Resp. (Dkt.12) at PageID.166–67 (citing Rogers v. Boeing Aerospace Operations Inc., 13 F. Supp. 3d 972, 978 (E.D. Mo. 2014)). However, the absence of a forum defendant does not, alone, establish that an action is removable. A plain reading of the statutes confirms that the forum-defendant rule operates as a limitation on an otherwise removable diversity action, and the removing defendants must still independently satisfy the other jurisdictional and procedural requirements governing removal. As such, even assuming the absence of a forum defendant here means § 1441(b)(2) does not prohibit removal, the removing defendants must separately comply with § 1446(b)(2)(A). Furthermore, nothing in Rogers, which addressed only whether a served forum defendant defeats removal, purports to excuse the separate and independent requirement that every properly served defendant join in or consent to removal. Defendants cite no authority for the proposition that the absence of a forum defendant relieves properly served co-defendants of that obligation, and the Court is aware of none.

Second, Defendants argue that Alsharey's reliance on the email exchange between counsel violates Federal Rule of Civil Procedure 11(a), because the exchange was neither filed nor signed by Singh or Kabir Trucking. Resp. (Dkt.12) at PageID.165–66. That argument, even if correct, does not help Defendants. If the email exchange is disregarded, the record still contains no evidence that Singh or Kabir Trucking ever consented to removal or denied the motion to remand, which only reinforces the conclusion that unanimity was never achieved.

Because Singh and Kabir Trucking were properly served defendants who did not join the Notice of Removal, file timely written consent, oppose the motion to remand, or signal their consent in any way, removal did not comply with 28 U.S.C. § 1446(b)(2)(A). That defect was timely raised within thirty days of the notice of removal, and it requires remand regardless of

Northland's later-filed concurrence, which cannot cure the absence of consent from Singh and Kabir Trucking.

**Timeliness**

The parties also dispute whether the October 16, 2025, delivery of process to Canamex's "Safety Admin" constituted proper service sufficient to trigger the thirty-day removal clock under 28 U.S.C. § 1446(b)(1), or whether, as Defendants contend, that clock did not begin until January 2026 because service was defective. Compare Mot. (Dkt.8) at PageID.105–107, with Resp. (Dkt.12) at PageID.163–165.

Because the unanimity defect requires remand irrespective of when Canamex's own thirty-day period began, the Court does not decide, and expresses no view on, whether Canamex was properly served in October 2025 or whether its removal was otherwise timely.

## CONCLUSION

For the reasons stated above, Alsharey's motion for remand (Dkt. 8) is granted. The Clerk of the Court is directed to remand this action to the Wayne County Circuit Court.

In light of the remand to state court, which had entered a default judgment against Canamex and Malik before removal, the motion to vacate default judgment filed by those defendants (Dkt. 4) is denied without prejudice.

**SO ORDERED.**

Dated: September 25, 2026
Detroit, Michigan

s/Mark A. Goldsmith
MARK A. GOLDSMITH
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 25, 2026.

s/Joseph Heacox
JOSEPH HEACOX
Case Manager